## EZRA v SUTTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13323.   Decided April 23, 1934

William Gordon, Cleveland,. for plaintiff in error.

Max A. Pilloff, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist) and GUERNSEY, J (3rd Dist)·sitting.

## OPINION

By ROSS, J.

Error from the Court of Common Pleas of Cuyahoga County, wherein judgment was rendered sustaining certain homestead exemptions claimed by the defendant in error.

At the time of the hearing below, the defendant in error was a widower and the father of·three minor children. These children were maintained in and by an orphanage. The defendant in error had contracted to pay the orphanage $6.00 per week for the support of the children.

Sec 11725, GC, provides that·"every person who lives with, and is the head and sole 'support of a family" is entitled to certain exemptions.

Sec 11738, GC, provides that "husband and wife living together, a widow(er) living with an unmarried daughter or minor son" is entitled to certain exemptions in lieu of homestead.

"It is a well settled rule that exemption statutes should be liberally construed, in order to effect their objects and purposes. They should receive such construction as will accord with the beneficient object of their enactment, and advance the remedy and correct the mischief. No more technicality should· defeat the right 'of exemption. But the principle that exemption

statutes should be construed liberally in favor of the debtor has no application where there is no ambiguity in the statute, and where the only possible doubt is created in an effort to construe a provision which is in terms definite and clear. Where such is the case, the courts are not at liberty to enlarge its import or strain its meaning, in order to bring within its operation a case clearly without its provisions. No part of a provision can be disregarded in the construction of the statute. * * *."

Ohio Jurisprudence, Vol. 18, pages 832-833.

And, as stated in **Dennis v Smith et, 125 Oh St 120**, at page 124.

"By, 'liberal construction' is not meant that words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expanded to meet a particular state of facts. A liberal construction must still be a fair and reasonable one, in an effort always to ascertain the legislative intent. Among other things, it must be inquired as to the object for which the law is framed; and that construction must be adopted which will promote its purpose. * * *"

The defendant in error was bound by law to support his children. His contract to do so did not therefore enlarge this obligation, make it more defiinte or extend his rights to exemptions.

If the construction put upon the statute by the lower court is correct, the exemption would apply to a judgment of the orphanage for support.

The findings of fact show that he had not paid anything to the orphanage for some years.

There is no ambiguity in the language used by the legislature. It is plain and easily understood. The purpose motivating the legislature is obvious. The statutes clearly provide that those "living with" dependents shall receive the benefits of the exemption. To ignore these words "living with" is to step aside from the direct provision of the statutes and frustrate their purpose, namely, to preserve the solidarity of the home. Children in an orphanage may receive better treatment than they do in some homes, but it cannot be accepted as the intent of the legislature to encourage any practice by which they shall leave the home to be fostered by those who at least should not have more concern for their welfare than their parent or parents.

We cannot ignore the use of the words "living with". It seems to us the prime, rather than the secondary, feature conceived by the language used.

It is suggested that a parent might find it wise and beneficial to his children's interest to maintain them in a separate institution, paying liberally for their support and that under such condition a grievous hardship would be inflicted in refusing the exemption. Such consideration must have been obvious to the legislature. It has failed to except such a situation from the operation of the provisions for exemption. We do not feel called upon to do what the legislature could have done and did not do.

The judgment of the Court of Common Pleas is reversed and judgment may be here rendered, disallowing the exemptions claimed.

HAMILTON, PJ, and GUERNSEY, J, concur in judgment.