### CONDON v CONDON et

Common Pleas Court, Adams Co

No 12392.   Decided Mar 12, 1940

Stephenson & Wilson, West Union, for plaintiff.

W. P. Tucker, of West Union, for defendant.

### OPINION

By YOUNG, J.

The questions to be determined herein are based upon the application of Dorothy Condon for an allowance of $500 in lieu of a homestead and also upon the application of E. J. Condon for an allowance of $500 in lieu of a homestead.   Both are asking for the allowance out of the proceeds to be received from the sale of certain estate, and the whole question has been submitted to the court on an agreed statement of facts, which are as follows:

"It is mutually agreed by and between all parties that the following is to be used and considered as an agreed statement of facts governing the disposition of the motion of Dorothy Condon and the application of E. J. Condon for an allowance of money in lieu of homestead.

It is admitted that E. J. Condon and Dorothy Condon were united in marriage on or about the 16th day of January, 1927, at West Union, Ohio; and that two children were born as the issue of such marriage, said children being Charles Franklin Condon, aged 8 years, and Patricia Ann Condon, aged 6 years.

It is further admitted that on or about the 6th day of December, 1939, the said E. J. Condon obtained a divorce from said Dorothy Condon in Case No. 12325 of the records of this court, which decree is entered in Vol. 49, at page 276 of the journal of this court, to which reference is hereby made for the purpose of showing that said divorce was granted on the aggression of the said Dorothy Condon.

It is further admitted that during the year 1933 the said E. J. Condon and Dorothy Condon constructed a new home on the real estate sold herein and that the plaintiff, Cora Condon, furnished the sum of $3,500 towards the construction of said home, which sum of $3,500 is represented by the note sued on herein.

It is further admitted that E. J. Condon has continued to use the property sold herein as his home, and that the said Dorothy Condon used the same until on or about the 4th day of January, 1940, at which time she voluntarily moved to Greenfield, Highland

County, Ohio, and took with her the above named children.

It is further admitted that the said E. J. Condon and Dorothy Condon separated along or about the 1st day of September, 1939, and have no longer lived together as husband and wife and since said date said Elmer J. Condon has been paying the sum of $10 per week for the support and maintenance of said minor children but said Dorothy Condon having the custody thereof.

It is further admitted that the petition, answer and journal entry in this cause were filed on the 14th day of December, 1939, and that E. S. Young, judge of the Common Pleas Court of Adams County, Ohio, signed said entry on said 14th day of December, 1939.

It is further admitted that since the divorce of said E. J. Condon and Dorothy Condon, neither of said parties have since remarried and neither are the owner or owners of any real estate other than the real estate herein sold.

It is further admitted that on or about the 16th day of February, 1940, said Dorothy Condon filed the motion herein, asking that the judgment heretofore rendered be set aside and further asking a homestead in the property sold on execution or $500 out of the proceeds of said sale in lieu of a homestead.

It is further admitted that on the 19th day of February, 1940, said E. J. Condon filed his application for allowance of $500 in money out of the proceeds of sale of the real estate in lieu of a homestead and that said real estate was sold on the 20th day of February, 1940, to Cora Condon, for the sum of $3,334, which amount is not sufficient to pay the taxes, costs and the judgment of plaintiff herein."

These applications for exemption of the parties herein are based on §11738 GC, and we will only consider this section of the statute in the determination of the questions involved.

Sec. 11738 provides for an exemption of $500 in lieu of a homestead to parties who come under the jurisdiction of this section, and we think in order to properly determine these questions it is necessary that we analyze §11738 GC.

This section first provides that "husband and wife living together, resident of this state * * * and not, the owners of a homestead, in lieu thereof may hold exempt from levy and sale, real or personal property, to be selected by such person or his attorney before sale, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempted."

In the second place this section provides that "a widow, living with an unmarried daughter or minor son, resident of this state * * * and not the owner of a homestead, etc."

Third, that "a widower, living with an unmarried daughter or minor son, resident of this state * * * and not the owner of a homestead, etc."

Fourth, that "every widow, resident of this state, * * * not the owner of a homestead, etc."

Fifth, that "every unmarried female, resident of this state, having in good faith the care, maintenance and custody of a minor child or children of a deceased relative, * * * and not the owner of a homestead, etc."

Thus, it is to be seen that we can consider that we have five classes of persons who might be entitled to $500 in lieu of a homestead, and the question here is, "Does either of these parties come within either of the classes?"

By proper analysis we conclude that E. J. Condon can not be considered as belonging to either of the classes heretofore outlined unless we could consider him as coming within the third class, which reads:

"a widower, living with an unmarried daughter or minor son, * * *."

It might be claimed that because of the fact that he is supporting his children that he would come within this class, but after making diligent search we fail to find anything that would support this contention, because in the

first place we are of the opinion that he does not come in the class of a widower, since he is a divorced man.

Now when we come to consider the application of Dorothy Condon we have a more serious question to contend with. Applying the same line of reasoning in connection with her application that we did the application of E. J. Condon, we conclude that she does not come within the class of a widow, but if she comes within any class at all it would be the fifth class, which reads:

"every unmarried female, having in good faith the care, maintenance and custody of a minor child or children of a deceased relative * * *"

Volume 6 O. L. R. at page 173, In re Ella E. Giles, a bankrupt, decided January 7, 1908 by the United States Circuit Court of Appeals for the Sixth Circuit, the syllabus reads as follows:

"If a divorced woman is not to be regarded as a 'widow' within the meaning of the Ohio Homestead Exemption law, she is at least an unmarried female, and where she has the care and maintenance of her own minor children, she is entitled to exemption in lieu of a homestead."

We find in the opinion of the court in the above case the following:

"We think that where a man is living with his minor children, or a woman is living with her minor children, in the homestead, that she should be entitled to a homestead, or that he should be entitled to a homestead, the same as if husband and wife were living together and occupying the homestead. In various decisions in this state it has been held that a liberal construction should be given to this act for the benefit of the families of the debtors."

· The court in the above case went so far as to hold that an unmarried female, living with and having custody of her children was sufficient; that ·is, it made no difference whether her children were children of a deceased person or not. This case was apparently one in which the party lived in the homestead that was being subjected to execution.

On the other hand, we read in ¶8 of Volume 18, O. Jur., p. 832, the following:

"It is a well-settled rule that exemption statutes should be liberally construed in order to effect their objects and purposes. They should receive such construction as will accord with the beneficient object of their enactment and advance the remedy and correct the mischief. No mere technicality should defeat the right of exemption. But the principle that exemption statutes should be construed liberally in favor of the debtor has no application where there is no ambiguity in the statute and where the only possible doubt is created in an effort to construe a provision which is in terms definite and clear. Where such is the case the courts are not at liberty to enlarge its import or strain its meaning in order to bring within its operation a case clearly without its provision. No part of a provision can be disregarded in the construction of a statute.

"Since it is the policy of this state to construe laws exempting property of a debtor upon execution liberally in his favor and the duty of courts to see that the beneficial object of the law is accomplished, it follows that a provision in the nature of an exemption to the general law on the subjects of exemption should be strictly construed."

And in line with the above reasoning we have the case of Ezra v Sutton, 16 Abs 669, in which the court says:

"Although exemption statutes should be liberally construed, such construction should not expand or enlarge the meaning of the words used, nor give the words an unnatural meaning. And

where certain exemptions are given by §11738 GC to persons living with others, the quoted words are obviously the prime controlling rather than the secondary feature of the statute."

In other words, from this line of reasoning we infer that when the General Code says that an unmarried female, having, in good  faith, the care, maintenance and custody of a minor child or children of a deceased relative, it means just what it says and that the court does not have the right to take away from the Legislative enactment any part of this ground for exemption nor add anything to it, nor could it give these words and phrases an unnatural meaning, but that we should construe that with a view of the intention of the Legislature at the time the same was enacted.

It is, therefore, the opinion of the court that it should follow the line of reasoning as outlined in the case of Ezra v Sutton and the line of reasoning cited from the Ohio Jurisprudence instead of the line of reasoning as contained in the Giles case.

It is therefore the judgment of the court that both applications for exemption should be overruled.